UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HANSEDT MENDES MESA,

Petitioner,

v. Case No. 3:26-cv-1147-MMH-LLL

WARDEN, NORTH FLORIDA
DETENTION CENTER and
U.S. ATTORNEY GENERAL,

Respondents.

# ORDER

## I. Status

Petitioner Hansedt Mendes Mesa, an immigration detainee, initiated this action by filing a pro se Petition for a Writ of Habeas Corpus (Doc. 1; Petition) on May 5, 2026. The Federal Respondent filed an Opposition to Petition for Writ of Habeas Corpus (Doc. 7; Response) with exhibits (Docs. 7-1 through 7-5). Respondent Warden filed a Motion to Dismiss (Doc. 8). Mesa filed a Reply (Doc. 11; Reply) with exhibits (Docs. 11-1 through 11-2). This case is ripe for review.

## II. Background

Mesa, a citizen of Cuba, entered the United States on January 17, 1995. Doc. 7-1 at 2. On February 9, 2006, an immigration judge ordered Mesa

removed to Cuba. Doc. 7-2 at 1. On March 24, 2006, United States Immigration and Customs Enforcement (ICE) released Mesa on an Order of Supervision (OSUP). Doc. 7-3 at 1. Subsequently, Mesa was convicted in state court of manslaughter and sentenced to an eighteen-year term of imprisonment. Doc. 7-1 at 2; see also Doc. 11-1 at 2. Upon completion of his sentence, on February 2, 2026, ICE took custody of Mesa. Doc. 7-1 at 2.

## III. Analysis

Mesa alleges, inter alia, that the revocation of his OSUP violated due process because ICE failed to follow its own regulations, which require notice of the reasons for revocation and a prompt informal interview. See Petition at 6–8. Pursuant to 8 C.F.R. § 241.13(i)(2), an OSUP can be revoked when "changed circumstances" create "a significant likelihood that the alien may be removed in the reasonably foreseeable future." "Upon revocation, the alien will be notified of the reasons for revocation of his or her release" and ICE must "conduct an initial informal interview promptly after [the revocation] to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." Id. § 241.13(i)(3) (emphasis added). "The failure to provide [a petitioner] with an informal interview promptly after his detention or to otherwise provide a meaningful opportunity to contest the reasons for

revocation violates [ ] ICE's own regulations." Grigorian v. Bondi, 824 F. Supp. 3d 1243, 1256 (S.D. Fla. 2025).[1]

According to the Federal Respondent, "[p]resumably," the OSUP "was revoked or intended to be revoked" when ICE detained Mesa. Response at 2 n.2. However, counsel for the Federal Respondent asserts that he has not received revocation documents, "despite making requests for the documents[.]" Id. The Federal Respondent nevertheless argues that a due process violation has not occurred because Mesa "has not shown that he will be denied any notice and opportunity to be heard on the basis for which his release was revoked." Id. at 6 (emphasis added). In support of its argument, the Federal Respondent points to a post-detention custody review that occurred on May 10, 2026, in which ICE determined that it would maintain custody of Mesa because he poses "a danger to the community, to the safety of other persons, or to property" and poses a flight risk. Doc. 7-5 at 1.

Mesa replies that ICE failed to provide him with notice upon revocation of his OSUP or a prompt informal interview. See Reply at 6–8. He provides a Notice of Revocation of Release dated May 28, 2026. Doc. 11-2 at 2–5. The

[1] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

Notice advised Mesa that his OSUP[2] was revoked because he violated a condition of release and "[c]ircumstances have changed such that there is a significant likelihood of removal in the reasonably foreseeable future." Id. at 2. The Notice also states that ICE conducted an informal interview on May 28, 2026. Id. at 3–4.

Here, the over 116-day delay in providing Mesa with notice and an informal interview cannot be said to comply with the regulation.[3] See, e.g., Grigorian, 824 F. Supp. 3d at 1256 (finding that ICE's failure to provide an informal interview for over seventy-five days violated § 241.4(*l*)'s requirement to provide a prompt informal interview); Pham v. Warden, No. 1:25-CV-1873 DC AC, 2026 WL 673404, at *13 (E.D. Cal. Mar. 10, 2026), rep. & rec. adopted sub nom., 2026 WL 849861 (E.D. Cal. Mar. 27, 2026) ("An interview weeks or months after revocation of release is not a prompt initial informal interview." (quotation marks and citations omitted)); M.S.L. v. Bostock, No. 6:25-CV-01204-AA, 2025 WL 2430267, at *11 (D. Or. Aug. 21, 2025) (concluding that an

[2] The Notice states Mesa's OSUP was issued on or about February 25, 2013. Doc. 11-2 at 2. The record before the Court does not reflect that ICE released Mesa pursuant to an OSUP on that date.

[3] The delay is especially egregious considering the Federal Respondent complied with the process to continue detention on May 10, 2026, and only revoked his notice and conducted an informal interview on May 28, 2026, the day after the Federal Respondent was required to show cause in this case why the Petition should not be granted. Compare Doc. 7-5 at 1–3 with Doc. 11-2 at 2–5. Indeed, the notice and informal interview appears to be a post hoc attempt at "curing" a due process violation.

informal interview provided twenty-seven days after re-detention failed to comply with the regulations). Further, ICE provided Mesa with notice of the informal interview and his opportunity to respond with evidence on the very same day of the interview— effectively eliminating his opportunity to gather "any evidence or information" to contest the reasons for the revocation in a meaningful manner. 8 C.F.R. § 241.13(i)(3).

While ICE has wide discretion to revoke a noncitizen's supervised release, it is required to follow its own regulations. See Mohammed H. v. Trump, 781 F. Supp. 3d 886, 895 (D. Minn. 2025) (citing United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 265 (1954)); see generally De Borba Oliveira v. U.S. Att'y Gen., No. 23-14019, 2025 WL 40541, at *3 (11th Cir. Jan. 7, 2025) ("To ensure due process, the [Board of Immigration Appeals] is required to follow its own regulations when exercising its discretion and issuing a decision."). It did not do so here. As such, the Court concludes that Mesa's re-detention violated the regulations designed to afford him due process and that he is entitled to release. Therefore, the Court will grant the Petition on the OSUP claim, and the Court need not, and does not, address Mesa's remaining claims. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting

relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

Accordingly, it is **ORDERED**:

1. Mesa's Petition for a Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his OSUP claim. Respondents shall release Mesa **within 24 hours of this Order**. At least five (5) hours before releasing him, Respondents shall provide him with access to a telephone to arrange transportation from the detention facility. Mesa shall be subject to his preexisting OSUP. The Petition (Doc. 1) is otherwise **DENIED without prejudice** as moot.

2. Respondent Warden's Motion to Dismiss (Doc. 8) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

3. The **Clerk** is directed to terminate any motions, enter judgment granting the Petition as to the OSUP claim and otherwise denying as moot the remaining claims, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of August, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 8/12
c:
Hansedt Mendes Mesa, #A074017385
Counsel of record